UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MAUREEN MCKAY-TAYLOR
and other similarly-situated individuals,

     Plaintiff (s),

v.

S1 SECURITY GROUP INC,
and ROLANDO E. PALMA, individually,

     Defendants,

_____ /

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MAUREEN MCKAY-TAYLOR, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants S1 SECURITY GROUP INC, and ROLANDO E. PALMA individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MAUREEN MCKAY-TAYLOR is a resident of Broward County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant S1 SECURITY GROUP INC (hereinafter S1 SECURITY GROUP, or Defendant) is a Florida corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.  S1 SECURITY GROUP was engaged in interstate commerce.

4. The individual Defendant ROLANDO E. PALMA was and is now, owner/president and manager or of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff MAUREEN MCKAY-TAYLOR to recover from Defendants half-time overtime wages, liquidated damages, retaliatory damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant S1 SECURITY GROUP is a Florida corporation that provides security services to businesses, residential communities, construction sites, executive body guard protection, etc.

8. Defendant S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff MAUREEN MCKAY-TAYLOR as a non-exempt security employee, approximately from June 11, 2018 to March 13, 2019 or 39 weeks.

9. During her time of employment with Defendants, Plaintiff was misclassified as an independent contractor.

10. Nevertheless, at all times Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendants  consistently more than 119 hours

weekly for a period of more than 39 weeks; 3)Plaintiff depended exclusively of her employment with Defendants, and she did not have any other job during her 39 weeks of employment with Defendants; 4) Defendants had absolute control over Plaintiff's hours of work, they assigned Plaintiff her duties and tasks. Due to the nature of the business, the owner of the business ROLANDO E. PALMA closely monitored Plaintiff's work; 5) Plaintiff did not have any discretion to perform her work assignments or authority to refuse them; 4) The work performed by Plaintiff was an integral part of the Defendants' business; 5) Plaintiff performed her work entirely at the Defendants' customers facilities, exclusively for Defendants' customers and used Defendants' equipment and supplies; 6) Plaintiff never used any discretion, she just followed pre-established procedures, and ROLANDO E. PALMA's instructions; 7) Plaintiff was required to use uniform.

11. By reason of the foregoing, Plaintiff MAUREEN MCKAY-TAYLOR was an employee of S1 SECURITY GROUP, within the meaning of 29 U.S.C. § 203(e)(1). Defendants S1 SECURITY GROUP and ROLANDO E. PALMA were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

12. Plaintiff was a salaried employee working more than 40 hours every week. During her employment Plaintiff was paid bi-weekly $1,200.00, or $600.00 weekly.

13. Plaintiff worked as a security guard at different locations, but she reported regularly to Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

14. While employed by Defendants, Plaintiff had a very irregular schedule. Plaintiff worked 7 days per week, from Monday to Sunday. Plaintiff worked at 4 different posts. Plaintiff was

a lead security guard who was permanently on call to replace absent security guards at other posts.

15. Plaintiff worked regularly from 6:00 AM to 11:00 PM (17 hours daily). Plaintiff completed a minimum of 119 hours every week period. Plaintiff was unable to take any bona fide lunch period.

16. During Plaintiff's employment time, she always worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

17. Moreover, the unusual number of hours worked by Plaintiff every week and the amount paid to her weekly ($600.00) resulted in an hourly rate of $5.04, which is less than the minimum wage established by the Fair Labor Standards Act.

18. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.  Plaintiff worked under the supervision of the owner of the business ROLANDO E. PALMA and manager Veronica LNU.

19. Therefore, during the relevant period of time Defendants misclassified Plaintiff and willfully failed to pay her minimum wages, and overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

20. Plaintiff never agreed with the rate paid to her for regular and overtime hours and complained multiple times to her supervisors.

21. As a result of Plaintiff's multiple complaints, on or about March 13, 2019, the owner of the business ROLANDO E. PALMA fired Plaintiff.

22. Plaintiff is not in possession of time records, but she is offering a good faith estimated of unpaid minimum wages and half-time hours, based on a week with 7 days/119 working hours.

23. Plaintiff MAUREEN MCKAY-TAYLOR seeks to recover minimum wages, half-time overtime hours, retaliatory damages and any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were misclassified and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

25. Plaintiff MAUREEN MCKAY-TAYLOR re-adopts every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This cause of action is brought by Plaintiff MAUREEN MCKAY-TAYLOR as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through her daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

29. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff MAUREEN MCKAY-TAYLOR as a non-exempt security employee, approximately from June 11, 2018 to March 13, 2019 or 39 weeks.

30. During her time of employment with Defendants, Plaintiff was misclassified as an independent contractor. Nevertheless, Plaintiff MAUREEN MCKAY-TAYLOR was an employee of S1 SECURITY GROUP, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and

they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

31. Plaintiff was a salaried employee working more than 40 hours every week. During her employment Plaintiff was paid bi-weekly $1,200.00, or $600.00 weekly.

32. Plaintiff worked as a security guard at different locations, but she reported regularly to Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

33. While employed by Defendants, Plaintiff had a very irregular schedule. Plaintiff worked 7 days per week, from Monday to Sunday.  Plaintiff worked at 4 different posts. Plaintiff was a lead security guard who was permanently on call to replace absent security guards at any post.

34. Plaintiff worked regularly from 6:00 AM to 11:00 PM (17 hours daily). Plaintiff completed a minimum of 119 hours every week period. Plaintiff was unable to take any bona fide lunch period.

35. During Plaintiff's employment time, she always worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

36. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.  Plaintiff worked under the supervision of the owner of the business ROLANDO E. PALMA and manager Veronica LNU.

37. Therefore, during the relevant period Defendants misclassified Plaintiff and willfully failed to pay her overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the

38.  Plaintiff is not in possession of time records, but she is offering a good faith estimated of unpaid half-time hours, based on a week with 7 days/119 working hours.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

40. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

    a.   <u>Total amount of alleged unpaid O/T wages</u>:

        Twelve Thousand Eight Hundred Three Dollars and 53/100 ($12,803.53)

    b.   <u>Calculation of such wages</u>:

        Total time of employment: 39 weeks
        Relevant weeks of employment:  39 weeks
        Total number of hours worked:  119 hours weekly
        Total number or paid hours: 119 hours
        Total number of O/T hours: 79 O/T hours
        Salary paid weekly: $600.00: 119 hours worked = $5.04
        Regular rate: $5.04 rate paid

        **1.- Overtime calculations 2018/ 29 weeks @ $8.25**

Total Relevant weeks: 29 weeks
Total O/T hours: 79 O/T hours
 Florida Minimum wage 2018: $8.25 x 1.5=$12.38
 O/T rate: $12.38-$8.25= $4.13 half-time

Half-time $4.13 x 79 O/T hours=$326.27 weekly x 29 weeks=$9,461.83

**2.- Overtime calculations 2019/ 10 weeks @ $8.46**
Total Relevant weeks: 10 weeks
Total O/T hours: 79 O/T hours
 Florida Minimum wage 2019: $8.46 x 1.5=$12.69
 O/T rate: $12.69 -$8.46= $4.23 half-time

Half-time $4.23 x 79 O/T hours=$334.17 x 10 weeks= $3,341.70

Total Overtime #1, and 2 = $12,803.53

   c.  Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. At the times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of S1 SECURITY GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

46. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MAUREEN MCKAY-TAYLOR and other similarly situated individuals and against the Defendants S1 SECURITY GROUP and ROLANDO E. PALMA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff MAUREEN MCKAY-TAYLOR actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MAUREEN MCKAY-TAYLOR demands trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

48. Plaintiff MAUREEN MCKAY-TAYLOR re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

49. This action is brought by Plaintiff MAUREEN MCKAY-TAYLOR and those similarly-situated to recover from the Employer S1 SECURITY GROUP unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

50. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the

production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through her daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

52. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

53. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

54. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff MAUREEN MCKAY-TAYLOR as a non-exempt security employee, approximately from June 11, 2018 to March 13, 2019 or 39 weeks.

55. During her time of employment with Defendants, Plaintiff was misclassified as an independent contractor. Nevertheless, Plaintiff MAUREEN MCKAY-TAYLOR was an employee of S1 SECURITY GROUP, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

56. Plaintiff was a salaried employee working more than 40 hours every week. During her employment Plaintiff was paid bi-weekly $1,200.00, or $600.00 weekly.

57. Plaintiff worked as a security guard at different locations, but she reported regularly to Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

58. While employed by Defendants, Plaintiff had a very irregular schedule. Plaintiff worked 7 days per week, from Monday to Sunday.  Plaintiff worked at 4 different posts. Plaintiff was a lead security guard who was permanently on call to replace absent security guards at any post.

59. Plaintiff worked regularly from 6:00 AM to 11:00 PM (17 hours daily). Plaintiff completed a minimum of 119 hours every week period. Plaintiff was unable to take bona fide lunch periods.

60. Moreover, the unusual number of hours worked by Plaintiff every week and the amount paid to her weekly ($600.00) resulted in an hourly rate of $5.04, which is less than the minimum wage established by the Fair Labor Standards Act.

61. Plaintiff did no clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business ROLANDO E. PALMA and manager Veronica LNU.

62. Therefore, Defendants failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

63. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

64. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

65. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

a. Total amount of alleged unpaid wages:

Fifteen Thousand One Hundred Forty-Seven Dollars and 51/100 ($15,147.51)

b. Calculation of such wages:

Total time of employment: 39 weeks
Relevant weeks of employment: 39 weeks
Total number of hours worked: 119 hours weekly
Total number or paid hours: 119 hours

Salary paid weekly: $600.00: 119 hours worked = $5.04
Regular rate: $5.04 rate paid

**1.- Minimum wages calculations 2018/ 29 weeks @ $8.25**
Total Relevant weeks: 29 weeks
Total worked hours: 119 hours
Florida Minimum wage 2018: $8.25 - $5.04 rate paid= $3.21
Minimum wage difference: $3.21

Minimum wage difference $3.21 x 119 weekly hours=$381.99 weekly
$381.99 weekly x 29 weeks= $11,077.71

**2.- Minimum wages calculations 2019/ 10 weeks @ $8.46**
Total Relevant weeks: 10 weeks
Total worked hours: 119 hours
Florida Minimum wage 2019: $8.46 - $5.04 rate paid= $3.42
Minimum wage difference: $3.42

Minimum wage difference $3.42 x 119 weekly hours=$406.98 weekly
$406.98 weekly x 10 weeks= $4,069.80

Total #1 and #2: $15,147.51

c.   <u>Nature of wages:</u>

This amount represents unpaid minimum wages at Florida Min. wage rate

66. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA   unlawfully failed to

pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations

accumulated from the date of hire through Plaintiff's last date of employment.

67. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA   knew and/or showed

reckless disregard of the provisions of the Act concerning the payment of minimum wages

as required by the Fair Labor Standards Act and remains owing Plaintiff and those

similarly-situated these minimum wages since the commencement of Plaintiff and those

similarly-situated employees' employment with Defendant as set forth above, and Plaintiff

and those similarly-situated are entitled to recover double damages.

68. At the times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of S1 SECURITY GROUP in relation to its employees, including Plaintiff and others similarly situated.  Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

69. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

70. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MAUREEN MCKAY-TAYLOR and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MAUREEN MCKAY-TAYLOR and against the Defendants S1 SECURITY GROUP and ROLANDO E. PALMA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wages, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff reasonable attorney's fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MAUREEN MCKAY-TAYLOR and those similarly situated demand trial by jury of all issues triable as of right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

71.  Plaintiff MAUREEN MCKAY-TAYLOR re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

72.  Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

73.  Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through her daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce.

74.  29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

75. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

76. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

77. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff MAUREEN MCKAY-TAYLOR as a non-exempt security employee, approximately from June 11, 2018 to March 13, 2019 or 39 weeks.

78. During her time of employment with Defendants, Plaintiff was misclassified as an independent contractor. However, Plaintiff MAUREEN MCKAY-TAYLOR was an employee of S1 SECURITY GROUP, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

79. Plaintiff was a salaried employee working more than 40 hours every week. During her employment Plaintiff was paid bi-weekly $1,200.00, or $600.00 weekly.

80. Plaintiff worked as a security guard at different locations, but she reported regularly to Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

81. While employed by Defendants, Plaintiff had a very irregular schedule. Plaintiff worked 7 days per week, from Monday to Sunday.  Plaintiff worked at 4 different posts. Plaintiff was

a lead security guard who was permanently on call to replace absent security guards at any post.

82. Plaintiff worked regularly from 6:00 AM to 11:00 PM (17 hours daily). Plaintiff completed a minimum of 119 hours every week period. Plaintiff was unable to take any bona fide lunch period.

83. During Plaintiff's employment time, she always worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

84. Moreover, the unusual number of hours worked by Plaintiff every week and the amount paid to her weekly ($600.00) resulted in an hourly rate of $5.04, which is less than the minimum wage established by the Fair Labor Standards Act.

85. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.  Plaintiff worked under the supervision of the owner of the business ROLANDO E. PALMA and manager Veronica LNU.

86. Therefore, during the relevant period of time Defendants misclassified Plaintiff and willfully failed to pay her minimum wages, and overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

87. Plaintiff never agreed with the rate paid to her for regular and overtime hours and complained multiple times to her supervisors.

88. These complaints constituted protected activity under 29 U.S.C. 215(a)(3)

89. As a result of Plaintiff's multiple complaints, on or about March 13, 2019, the owner of the business ROLANDO E. PALMA fired Plaintiff.

90. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

91. The termination of Plaintiff MAUREEN MCKAY-TAYLOR by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of her complaints about overtime payment, in violation of Federal Law.

92. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

93. At the times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of S1 SECURITY GROUP in relation to its employees, including Plaintiff and others similarly situated.  Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

94. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and maliciously retaliated against Plaintiff MAUREEN MCKAY-TAYLOR by engaging in a retaliatory action that was materially averse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

95. The motivating factor which caused Plaintiff MAUREEN MCKAY-TAYLOR to be fired from the business, as described above was her complaint seeking regular wages and half-

time overtime wages from the Defendants.  In other words, Plaintiff would not have been fired, but for her complains about overtime wages.

96. The Defendants' adverse actions against Plaintiff MAUREEN MCKAY-TAYLOR were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

97. Plaintiff MAUREEN MCKAY-TAYLOR has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MAUREEN MCKAY-TAYLOR respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff MAUREEN MCKAY-TAYLOR by Defendants S1 SECURITY GROUP and ROLANDO E. PALMA  was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants S1 SECURITY GROUP and ROLANDO E. PALMA awarding Plaintiff MAUREEN MCKAY-TAYLOR liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff MAUREEN MCKAY-TAYLOR demands trial by jury of all issues triable as of right by jury.

Dated:  June 30, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*